ACCEPTED
12-17-00251-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/30/2017 1:28 PM
Pam Estes
CLERK

NO. 16-17-00251-CR

IN THE COURT OF APPEALS

FOR THE

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/30/2017 1:28:59 PM
PAM ESTES
Clerk

TWELFTH SUPREME JUDICIAL DISTRICT OF TEXAS

---

**COLLINS GENTRY,**
**APPELLANT**

vs.

**THE STATE OF TEXAS,**
**APPELLEE**

---

ON APPEAL IN CAUSE NUMBERS 22,830-2016
FROM THE 402nd JUDICIAL DISTRICT COURT
OF WOOD COUNTY, TEXAS

---

**BRIEF FOR THE APPELLEE**
**THE STATE OF TEXAS**

---

| | |
|---|---|
| JIM WHEELER<br>CRIMINAL DISTRICT ATTORNEY | ANGELA CONVERSE<br>ASST. CRIMINAL DISTRICT ATTY. |
| JOSEPH D. FENLAW<br>ASST. CRIM. DISTRICT ATTORNEY | HENRY WHITLEY<br>SPECIAL ASST. CRIM. DIST. ATTY. |

P.O. BOX 689
QUITMAN, TX 75783
(903-769-4515)

LISA McMINN
STATE'S PROSECUTING ATTORNEY
AUSTIN, TEXAS

ATTORNEYS FOR THE STATE OF TEXAS

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

# TABLE OF CONTENTS

NAMES OF ALL PARTIES.................................................................3

LIST OF AUTHORITIES...............................................................4

THE CASE IN BRIEF...................................................................6

STATEMENT OF THE CASE............................................................ 6

STATE'S COUNTERPOINTS............................................................7

## COUNTERPOINT NO. 1

THE TRIAL COURT PROPERLY INSTRUCTED THE JURY PURSUANT TO TEX. CODE CRIM. APP. 37.07 SEC. §4(b) IN ITS JURY CHARGE

## COUNTERPOINT NO. 2

THE TRIAL COURT CORRECTLY CHARGED THE JURY ON THE USE OR INTENDED USE OF A DEADLY WEAPON.

## COUNTERPOINT NO. 3

THE STATE'S COMMENT WAS A PROPER RESPONSE TO OPPOSING COUNSEL'S ARGUMENT

STATEMENT OF FACTS................................................................ 7

SUMMARY OF THE ARGUMENTS.................................................8

STATE'S COUNTERPOINT NO. 1, RESTATED
(In Response to Appellant's Issues No. 1 ................................9

STATE'S COUNTERPOINT NO. 2, RESTATED
(In Response to Appellant's Issues No. 2 ................................12

STATE'S COUNTERPOINT NO. 3, RESTATED
(In Response to Appellant's Issues No. 3)................................14

CONCLUSION..............................................................................17

CERTIFICATE OF SERVICE.......................................................18

CERTIFICATE OF COMPLIANCE...............................................18

# NAMES OF ALL PARTIES

As this is an appeal from a criminal conviction, the only parties are the Appellant, the Appellant's attorney, and the State of Texas by and through the District Attorney of Wood County, Texas. The names of those persons are:

Appellant :

Collins Genrty
TDCJ # 02153256
1400 FM 3452
Palestine, Texas 75803

Attorneys for Appellant:

Trial

Stem M. Langsjoen
Attorney at Law
216 W. Erwin, Suite 302
Tyler, Texas 75702

Appeal:

Donna Broom
Attorney at Law
115 W. Front Street
Tyler, TX 75702

Appellee:

The State of Texas

Attorneys for Appellee:

Jim Wheeler
Criminal District Attorney

Trial

Joey Fenlaw
Assistant Criminal District Attorney

Appeal

Henry Whitley
Special Assistant Criminal District Attorney

P.O. Box 689
Quitman TX 75755
903-763-4515

# LIST OF AUTHORITIES

**Cases**

Almanza v.State 686 S.W.2d 157, 171 (Tex. Crim. App., 1985) ................................. 9, 10

Cooks v. State, 844 S.W.2d 697, 727–28 (Tex. Crim. App., 1992) ........................... 15

Cruz v. State, 225 S.W.3d 546, 548 (Tex. Crim. App., 07) ........................................ 15

Elinandro v. State 487 S.W.3d 485 (Tex. Ctim. App.. 2016) ..................................... 12

Elizondo v. State 487 S.W.3d 185, 205 (Tex. Crim. App., 2016) ............................. 11

Gardner v. State 730 S.W.2d 675, 696 (Tex. Crim. App., 1987) .............................. 17

Igo v. State 210 S.W.3d 645 (Tex. Crim. App., 2006 ................................................ 11

Jackson v. Texas 2010 WL 3636277 (Tex. App., Texarkana, 2010,
    not designated for publication) ........................................................................... 18

Larry v. State 2014 WL 2521593 (Tex. App., 2014,
    not designated for publication) ....................................................................... 14, 16

Loun v.State 273 S.W.3d 406, 415 (Tex. App., Texarkana, 2008) ........................... 13

Luquis v. State 72 S.W.3d 355 (Tex. Crim. App., 2002) ........................................... 11

Mosley v. State 983 S.W.2d 289 (Tex. Crim. App., 1998) .......................... 15, 16, 17

Orcasitas v. State 511 S.W.3d 2315 (TEx. App. San antonio, 2015) ........................ 15

Ross v. State 133 S.W.3rd 853 (Tex. Crim. App., 2004) ........................................... 11

Stewart v. State 293 S.W.3d 853, 855–56 (Tex. App., Texarkana, 2009) ............ 11, 13

Vasquez v/ State 919 S.W.2nd 433 (Tex. Crim. App., 1966) .................................... 14

Villarreal v. State 205 S.W.3d 103, 105 (Tex. App., Texarkana, 2006 ..................... 14

Wesbrook .v. State 29 S.W.3d 103, 115 (Tex. Crim. App., 2000) ........................ 14, 16

Williams v. State 2015 WL 4312518 (Tex. App., Beaumont , 2015,
    not designated for publication) ........................................................................... 14

**Statutes**

Tex. Code Crim. Proc. art.33.1(a)..............................................................15

Tex. Code Crim. Proc. art. 36.15...............................................................14

Tex. Code Crim. Proc. art. 37.07 §4(a)........................................................ 9

Tex. Code Crim. Proc. art. 37.07 §4(b)........................................................9

Tex. Penal Code, art. 22.01(b-1)........................................................... 6, 10

Tex. Penal Code, art. 12.42(d)................................................................. 7

NO. 12-17-00251-CR

IN THE COURT OF APPEALS

FOR THE

TWELFTH SUPREME JUDICIAL DISTRICT OF TEXAS

COLLINS GENTRY,
                                                      APPELLANT

vs.

THE STATE OF TEXAS,
                                                      APPELLEE

TO THE HONORABLE COURT OF APPEALS:

Appellee, the State of Texas, respectfully submits this brief in reply to the brief of

Appellant, Collins Gentry.   This is an appeal from a conviction for the offenses of

Assualt Causing Bodily Injury -- Dating Violence, in the 402nd Judicial District Court of

Wood County, Texas, the Honorable Jeff Fletcher,  Judge Presiding.

<u>THE CASE IN BRIEF</u>

The Charge..................................................Assault BI -- Dating Violence (Habitual)

The Plea ...................................................................................................Guilty

The Verdict...............................................................................................Guilty

The Sentence.........................................Fifty Six (56) Years Confinement TDCJ-ID
                                                                                        (Judge)

<u>STATEMENT OF THE CASE</u>

As above summarized Appellant was charged with the offense of Assault Bodily

Injury -- Dating Violence, conduct proscribed by <u>Tex. Penal Code</u>, art. 22.01(b-1), a

second degree felony enhanced as a habitual criminal pursuant Tex. Penal Code, art . 12.42(d), was alleged to have occurred on or about January 9, 2016. A jury was selected and sworn August 7, 2017, and the trial commenced immediately thereafter on Appellant's plea of Guilty. (CR I. 9)[1]. After hearing evidence from the State the jury returned a verdict of guilty in the case. (CR 77, 92, 72; RR VII. 144-45).[2] Formal sentencing was pronounced on August 10, 2017. (CR 9, RR VII. 148). Notice of Appeal was timely filed on August 10, 2017. (CR 118). From the jury's verdict and trial court's judgment, Appellant brings this appeal complaining that, (1) the court's charge incorrectly submitted the wrong parole instruction, (2) the charge incorrectly submitted the special issue on deadly weapon, and (3) the court's failure to grant a mistrial based on improper jury argument was reversible error. The State will demonstrate that these complaints are without merit and the judgment should be affirmed.

## STATE'S COUNTERPOINTS

### COUNTERPOINT NO. 1

THE TRIAL COURT PROPERLY INSTRUCTED THE JURY PURSUANT TO TEX. CODE CRIM. APP. 37.07 SEC. §4(b) IN ITS JURY CHARGE

### COUNTERPOINT NO. 2

THE TRIAL COURT CORRECTLY CHARGED THE JURY ON THE USE OR INTENDED USE OF A DEADLY WEAPON.

### COUNTERPOINT NO. 3

THE STATE'S COMMENT WAS A PROPER RESPONSE TO OPPOSING COUNSEL'S ARGUMENT

### STATEMENT OF FACTS

---

1 The Clerk's Record will be referenced as CR followed by an Arabic number indicating the page location.

2 The Reporter's Record will be referenced as RR followed by a Roman Numerical indicating the volume with an Arabic numeral specifying the page location.

7

The facts are sufficiently developed in the Arguments for the Court to understand the procedural setting, the issues presented, and will not be repeated in the interest of brevity.

## SUMMARY OF THE ARGUMENTS

COUNTERPOINT NO. 1. Defense counsel objected to charging the jury pursuant to art. 37.07 §4(b) and requested that the charge contain the instruction found in §4(a). His objection was overruled. The jury was correctly instructed. If the State is in error, the charge contained an instruction that the jury was not to consider the extent good time maybe awarded or forfeited to this defendant. It was further instructed that they were not to consider the manner in which the parole laws may be applied to this defendant as that is within the exclusive jurisdiction of the Pardon and Parole Department of the Texas Department of Criminal Justices and the Governor. Such error is harmless.

COUNTERPOINT NO. 2. Appellant failed to object or submit a requested charge, either in writing or dictated to the court reporter, challenging the deadly weapon instruction as submitted. Accordingly, nothing is presented for appellate review.

COUNTERPOINT NO. 3. The State's argument was a proper reply to the closing argument of Defense Counsel. Counsel for the appellant injected his personal desires concerning the jury's actions requiring the state to respond correcting the impression that the defense and state were seeking the same goals. If the State is in error and the argument exceeded the four (4) approved areas, the argument was not so egregious as to constitute reversible error as it was neither extreme nor manifestly improper, violative

8

of mandatory statute , nor did it inject new facts harmful to the Appellant into the proceeding.  The error is harmless.

**STATE'S COUNTERPOINT NO. 1, RESTATED**
(In Response to Appellant's Issues No. 1 )

THE TRIAL COURT PROPERLY INSTRUCTED THE JURY PURSUANT TO <u>TEX. CODE CRIM. APP.</u> 37.07 SEC. §4(b) IN ITS JURY CHARGE.

<u>Standard of Review</u>

The proper standard of review for charge error is dictated by <u>Almanza v.State</u> 686 S.W.2d 157, 171 (Tex. Crim. App., 1985).  If a proper objection is timely made reversal is required if the error is calculated to injure the rights of the defendant.  Stated differently, an error which has been properly preserved by objection will require reversal so long as the error is not harmless.  Conversely, if no proper objection is made at trial the accused must claim fundamental error and reversal will follow only if the error is so egregious that he did not receive a fair and impartial trial.

<u>Merits</u>

<u>Tex Code Crim. Proc</u>. art. 37.07 §'s 4(a) and (b) are the sections in dispute in the instant point of error.  The trial court followed § (b) in its charge which states in the selection section the following criteria for use,

> an offense punishable as a first degree felony *[the offense is a 2nd degree felony enhanced as a 1st degree for punishment]*[3]
>
> if a prior conviction has been alleged for enhancement of punishment as provided by Section 12.42 (b), (c)1 or 2, or (d).  *[the instant indictment contains a habitual allegation under Chapter 12 ]*
>
> an offense.................N/A....................................

---

[3] The italicized insertions are not part of the statute, but are made by the writer for the purpose of emphasis.

**unless**

the offense of which the jury has found the defendant guilty (*at this point there has been no finding of guilt, merely an instruction*) is an offense that is punishable under..........or is listed in article 42.054(a) or the judgment (*there is no judgment at this point*) containing an affirmative finding (*there is no affirmative finding at this point*) under Article 42.054(c) or (d),

The instant offense tracks this statute, i.e. is a second degree felony (art. 22.01(b-1)), enhanced as a first degree felony for punishment under Chapter 12 of the Penal Code and contains a prior conviction for the enhancement of punishment.

Appellant argues that §(a) is the proper instruction and that the court erred in overruling Appellant's objection to the charge. §(a) reads as follows,

if the offense of which the jury has found the defendant guilty rather than the court (*there is not finding of guilt at this point, an instruction only*)

if the offense of which the jury..............N/A........................... or

an offense under Section 71.023 Penal Code, or

an offense listed in Article 42A.054(a), or

if the judgment (*there is no judgment a this point*) contains an affirmative finding (*there is no affirmative finding at this point*) under Article 42.054(c) or (d)

Clearly, (b) is the correct submission on the facts of this case. This may not be the result contemplated by the drafters of the statute, but in the instant case on Appellant's plea of guilty the trial court reached the proper result.

Harm

In the event that the State is in error in the above analysis, as Appellant objected to the alleged error, Almanza requires reversal if "some" harm is found. The harm must be actual, not theoretical, and the finding of harm is the beginning, not ending, in the inquiry of whether reversal is required. <u>Almanza</u>, supra at 171. In order to determine if

10

there has been some harm, the record review must include, the jury charge as a whole, the arguments of counsel, the entirety of the evidence, and any other relevant factors present in the record. The less stringent standard of finding "some harm" still requires a finding that Appellant suffered some actual, rather than merely theoretical, harm from the error. Elizondo v. State 487 S.W.3d 185, 205 (Tex. Crim. App., 2016).

First, the jury charge as a whole contains ten (10) pages of charge and six (6) pages of verdict forms, a verdict form for each possible verdict. The parole instruction occupies approximately one (1) page of the ten (10) charge pages. It essentially gives the jury three main instructions: (1) one cannot predict how parole law and good conduct time might be applied to this defendant; (2) the jury may consider the existence of parole law and good conduct time, in general; but (3) the jury is not allowed to consider how good conduct time or the parole law might affect or be applied to this defendant. Stewart v. State 293 S.W.3d 853, 857 (Tex. App., Texarkana, 2009). The jury did not send out any notes indicating or expressing confusion about the possible application of good conduct time to Appellant. Nothing in this record suggests that the jury discussed, considered, or tried to apply what they were told about good conduct time and parole. Ross v. State 133 S.W.3d 618, 624 (Tex. Crim. App., 2004). The jury was instructed not to consider how good conduct time might be applied to Appellant, and there is no evidence in the record to rebut the presumption that the jury followed this instruction. Igo v. State 210 S.W.3d 645, 646 (Tex. Crim. App., 2006); Luquis v. State 72 S.W.3d 355, 366 (Tex. Crim. App. 2002); Stewart, supra at 860. The record is completely void of any evidence that Appellant suffered actual harm as a result of the erroneous parole instruction.

11

Next is the argument of counsel. State's counsel did not refer to parole in either opening or closing arguments. (RR VII. 122-128, 137-142). When defense counsel attempted to get in to the charge on parole the State objected and, following a bench conference, was prohibited from going beyond the language contained in the charge. Defense counsel then chose not to pursue further comments on the parole charge and skipped to other portions of the charge. (RR VII. 130-132). The State submits that the argument of counsel weighs neither in favor of, nor against, finding some harm resulting from the provocation instruction. Elinandro v. State 487 S.W.3d 485,208 (Tex. Crim. App., 2016).

Next is the entirety of the evidence. Following of plea of guilty, the evidence consisted of the testimony two patrol officers who were called to the scene, a friend of the Appellant's, a friend of the victim's, the victim, and two (2) fingerprint experts. Parole or the charge's parole instructions were not mentioned by any witness. The State introduced exhibits showing the injuries (RR VIIII. 8-11, 20-32), medical records RR VIIII. SX 43), and pen packets (RR VIIII. 35-42, 44-48, 50) evidencing Appellant's prior convictions. Thus, nothing in the evidence suggests that the jury acted in any way on the parole instructions. The alleged error in submitting the §4(b) instead of §4(a) instruction was harmless error beyond a reasonable doubt.

### STATE'S COINTEROINT NO. 2, RESTATED
(In Response to Appellant Issue No. 2)

THE TRIAL COURT CORRECTLY CHARGED THE JURY ON THE USE OR INTENDED USE OF A DEADLY WEAPON.

The State did not allege deadly weapon use in the indictment, but presented testimony during the punishment phase of the trial to support an affirmative finding. (RR

V. 82-84). The issue was submitted and the jury returned an affirmative finding. (RR CR. 88). During the charge conference, defense counsel objected to the charge on the basis that it erroneously submitted the one- fourth language of §4(b). He further stated his reasoning, "In our case, since the jury has the option of rendering a finding of the use of a deadly weapon, under existing law, if that were to be the case, then the language in the proposed Charge is a misstatement of the law." His objection was overruled. This objection is addressed in Point of Error No. 1 and will not be repeated in the interest of brevity. He further suggested altering the proposed instruction by inserting "without a finding of a deadly weapon" following the language " if the Defendant is sentenced to a term of imprisonment". Following the remainder of that paragraph he requested a second paragraph be added to which is set out in his requested charge. (CR 105).

It appears that the Appellant is attempting to correct an allegedly erroneous deadly weapon instruction by altering the parole instruction. The Texarkana Court opined on the selection process as follows,

> Depending on the offense of which a defendant has been convicted, whether his or her sentence is to be enhanced, and whether a deadly-weapon finding has been made in connection with the conviction, the trial court is to select which one of three alternatives will be given to the jury. In Stewart's punishment trial, the wrong one was chosen.

Stewart v. State 293 S.W.3d 853, 855–56 (Tex. App., Texarkana, 2009). The trial court is to select one of the three instructions, based on the criteria contained in the statute, to include in its charge on parole. It is error to alter of change the statutory parole instructions. Loun v.State 273 S.W.3d 406, 415 (Tex. App., Texarkana, 2008) (error when court deviates from the statutory mandated language by adding or subtracting

language); <u>Villarreal v. State</u> 205 S.W.3d 103, 105 (Tex. App., Texarkana, 2006, rev. ref'd) (omitted the mandatory parole language); <u>Jackson v. Texas</u> 2010 WL 3636277 (Tex. App., Texarkana, 2010, not designated for publication). Appellant's requested charge did not address the special issue on deadly weapon. As there was no objection to the deadly weapon special issue nor was there a requested charge, either submitted in writing or dictated to the court reporter, the alleged error is not preserved. <u>Vasquez v. State</u> 919 S.W.2d 433, 435 (Tex. Crim. App., 1966); <u>Williams v. State</u> 2015 WL 4312518 (Tex. App., Beaumont 2015, not designated for publication); <u>Tex. Code Crim. Proc.</u>, art. 36.15.

## COUNTERPOINT NO. 3, RESTATED
### (In Response to Appellant's Issue No. 3)

THE STATE'S COMMENT WAS A PROPER RESPONSE TO OPPOSING COUNSEL'S ARGUMENT

### Standard of Review

There are four general areas of argument that are approved, (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. Even when an argument exceeds the permissible limits of these approved areas it will not constitute reversible error unless the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the proceedings. <u>Wesbrook .v. State</u> 29 S.W.3d 103, 115 (Tex. Crim. App., 2000); <u>Larry v. State</u> 2014 WL 2521593 (Tex. App., 2014, not designated for publication). To preserve a complaint about improper jury argument for appellate review, the defendant should (1) make a timely and specific objection, (2) request an instruction to disregard if the objection is sustained, and (3)

14

move for a mistrial if the instruction to disregard is granted. Cruz v. State, 225 S.W.3d

546, 548 (Tex. Crim. App., 07); Cooks v. State, 844 S.W.2d 697, 727–28 (Tex. Crim.

App., 1992); Tex .R. App. Proc., rule 33.1(a). The complaint was preserved by a timely

objection for appellate review. (RR VII. 136).

Appellant complains of the following argument in the State's closing remarks,

It doesn't work like that. My role, Mr. Fenlaw's role is going to be different than Mr. Langsjoen's role. Our role is to see that justice is done. His role is to do the best he can for his client, which he has done.

Such is commonly referred to as "striking at the defendant over the shoulder of

counsel". The Houston court summarized the teachings of Mosley v. State 983 S.W.2d

249 (Tex. Crim. App., 1998) in Orcasitas[4] when the issue presented is contrasting the

ethical obligations of prosecutors and defense attorneys,

According to the Texas Court of Criminal Appeals, final arguments that constitute uninvited and unsubstantiated conduct directed at a defendant's attorney are of special concern. The Court of Criminal Appeals has explained that in its most egregious form, this kind of argument may involve accusations of manufactured evidence or an attempt to contrast the ethical obligations of prosecutors and defense attorneys. In its milder form, it involves comments indicating that defense counsel was using argument to divert the jury's attention or obscure the issues. The Court of Criminal Appeals has further explained that it is almost impossible to articulate a precise rule regarding this type of argument. A prosecutor runs a risk of improperly striking a defendant over the shoulder of counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns defense counsel's character. We have indicated in the past that such mild comments may not be erroneous, so long as they can be interpreted as an attack on arguments made by the defense counsel. (citations omitted)

What the complained of argument is not, is an impugning of Mr. Langsjoen's character.

To the contrary, it is complimentary of his representation. Defense counsel

continuously personalized his argument to the jury, i.e. I can agree with the State on

---

[4] Orcasitas v. State 511 S.W.3d 213, 220–21 (Tex. App., San Antonio, 2015).

one thing....., And I am confident when you go into......., And this is what I want to point to out to you....., But this is what I would encourage you to do......., I would encourage you to do is......, I have never heard of a case......., And this is what I think......., And I think that is a good place to begin......, And this is what I am going to ask you to do......, and If you are not able to reach a unanimous verdict, and there is a disagreement as to what you think.... It was necessary for the State to respond to establish the different roles that the State attorney's played and what role the defense attorney played. They are not the same. Certainly this was not uninvited and unsubstantiated conduct by the State's counsel. It was not a comment indicating that defense counsel was using argument to divert the jury's attention or obscure the issues. It was a legitimate response to the Defense argument suggesting that the roles were not the same for the Defense as the were for the State.

## Harmless Error

Assuming the argument exceeds the permissible limits of approved areas of argument it will not constitute reversible error unless the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the proceedings. Wesbrook .v. State 29 S.W.3d 103, 115 (Tex. Crim. App., 2000); Larry v. State 2014 WL 2521593 (Tex. App., 2014, not designated for publication). The argument is neither violative of a mandatory statute, nor did it inject new facts harmful to the accused into the proceedings. Was it extreme or manifestly improper so as to require reversal? In Mosley, the court relied on the following three factors to analyze the harm associated with improper jury argument and to determine whether reversal was required: (1) the severity of the misconduct (the magnitude of the

16

prejudicial effect of the prosecutor's remarks); (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). Mosley, 983 S.W.2d at 259.

Severity of the misconduct. The State's comments were short, lacked any comment concerning Defense counsel's character, and did nothing to incite the jury. The conduct was an error of inconsequential significance.

Measures adopted to cure the misconduct. The court instructed the jury and the State did not repeat the complained of conduct. No further objections were made. Nothing is contained in the record to suggest the jury did not follow the instruction, so it is assumed that the jury followed the instruction to disregard. Gardner v. State 730 S.W.2d 675, 696 (Tex. Crim. App., 1987).

Certainty of conviction. Appellant pleaded "Guilty". The evidence was overwhelming. Injuries, although not permanent, were extremely painful and recovery was lengthy. His criminal history was lengthy and a lengthy sentence would be expected. The jury sentenced the Appellant to 56 years confinement in the T.D.C.J.- I.D.

Any error occurring is harmless. No error is shown.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, there being legal and competent evidence to justify the verdict and no error appearing in the record of the trial of the case, the State moves the Court to affirm the judgment of the trial court below,

.                                Respectfully submitted,

JIM WHEELER
CRIMINAL DISTRICT ATTORNEY
WOOD COUNTY, TEXAS


/S/ HENRY WHITLEY
HENRY WHITLEY, SPECIAL ASSISTANT
CRIMINAL DISTRICT ATTORNEY
STATE BAR NO. 21376000
WOOD COUNTY COURTHOUSE
QUITMAN, TEXAS  75783
903/763-4515

ATTORNEYS  FOR APPELLEE,
THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief has been served on Donna Broom, Attorney for Appellant, 115 W. Front Street, Tyler, TX 75702 by depositing same in the United States Mail, Postage Prepaid, on this ___ day of November, 2017.


/S/ HENRY WHITLEY_____
HENRY WHITLEY

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. Proc., rule 9.4(i)(3), I hereby certify that the total word count contained herein is 3858 words, including footnotes, according to the word count feature of Word 2000.


/S/ HENRY WHITLEY_____
HENRY WHITLEY